

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-23-00865-CV

**IN RE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01945
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:   Liza A. Rodriguez, Justice
Concurring Opinion by: Patricia O. Alvarez, Justice, joined by Irene Rios, Justice

Sitting:      Patricia O. Alvarez, Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: March 27, 2024

I join the majority opinion and order, but I write separately to address Judge Mary Lou Alvarez's continuing disregard for the constitutional limits on her authority and this court's mandatory precedent. We have repeatedly held that similar provisions in her orders violated the Separation of Powers Clause and were void,[1] but in this case, she has again ruled "contrary to clear

---

[1] *See generally In re Tex. Dep't of Family & Protective Servs.*, 679 S.W.3d 266 (Tex. App.—San Antonio 2023, orig. proceeding) (Oct. 11, 2023); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00341-CV, 2022 WL 6815172 (Tex. App.—San Antonio Oct. 12, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 248 (Tex. App.—San Antonio 2022, orig. proceeding) (Sep. 14, 2022); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00166-CV, 2022 WL 3372425 (Tex. App.—San Antonio Aug. 17, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00094-CV, 2022 WL 3219924 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00087-CV, 2022 WL 3219596 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 175 (Tex. App.—San Antonio 2022, orig. proceeding) (Aug. 3, 2022); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00163-CV, 2022 WL 2821251 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00085-CV, 2022 WL 2820937 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169

and determined law about which there is no confusion or question as to its interpretation." *See In re Ginsberg*, 630 S.W.3d 1, 8 (Tex. Spec. Ct. Rev. 2018) (quoting *In re Barr*, 13 S.W.3d 525, 545 (Tex. Rev. Trib. 1998)).

In sixteen mandamus decisions issued prior to the orders complained of in this case, we held that portions of Judge Mary Lou Alvarez's orders exceeded her authority and were void.[2] In each decision we explained how portions of her order exceeded her authority, and in five we explained in substantial detail the limits of a trial court's authority—especially with respect to the Separation of Powers Clause. *E.g.*, *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 248 (Tex. App.—San Antonio 2022, orig. proceeding); *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 161 (Tex. App.—San Antonio 2022, orig. proceeding).

Undeterred, Judge Mary Lou Alvarez has continued "to use the powers of [her] judicial office to accomplish a purpose which [she] knew or should have known was beyond the legitimate exercise of [her] authority." *See In re Ginsberg*, 630 S.W.3d at 8. Specifically, she continues to order the Department to take actions that she does not have the authority to compel. *See* TEX. CONST. art. XVI, § 1 (oath of office); TEX. CODE JUD. CONDUCT, CANON 2(A), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. C; *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 555 (Tex. 2006) (recognizing that attorneys are advocates for their clients, but emphasizing that

---

(Tex. App.—San Antonio July 6, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00091-CV, 2022 WL 2230720 (Tex. App.—San Antonio June 22, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00092-CV, 2022 WL 2230719 (Tex. App.—San Antonio June 22, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00096-CV, 2022 WL 2135572 (Tex. App.—San Antonio June 15, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00165-CV, 2022 WL 2135534 (Tex. App.—San Antonio June 15, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 161 (Tex. App.—San Antonio 2022, orig. proceeding) (June 1, 2022); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00226-CV, 2022 WL 1751013 (Tex. App.—San Antonio June 1, 2022, orig. proceeding).

[2] The previous footnote lists seventeen cases. Our opinion in cause number 04-23-00594-CV issued on October 11, 2023. *In re Tex. Dep't of Family & Protective Servs.*, 679 S.W.3d 266 (Tex. App.—San Antonio 2023, orig. proceeding).

"judges are advocates only for the law"); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts.").

I understand Judge Mary Lou Alvarez is responsible for reviewing permanency progress reports to ensure the needs of children under the Department's care are being adequately addressed. TEX. FAM. CODE ANN. § 263.5031; *In re Tex. Dep't of Family & Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding). But she does not seem to understand or accept that "[c]ourts are the agency by which the law is made effective—merely the servants of the law, charged with the duty, not to make a law to their liking . . . but to ascertain and enforce the law as created by the legislative power of the state." *See Sharp v. Jester*, 239 S.W. 655, 658 (Tex. App.—Dallas 1922, no writ).

Accordingly, I write separately to emphasize that "the duties of and limitations on the powers of the judiciary are as important to be observed by courts as it is that the people should bow to the majesty of the law. Both must concur to secure a harmonious and satisfactory enforcement and observance of the law." *See id.*

Patricia O. Alvarez, Justice